No. 61,865

IN THE MATTER OF RUSSELL W. DAVISSON, *Respondent.*

(753 P.2d 1290)

Opinion filed April 29, 1988.

*Bruce E. Miller*, disciplinary administrator, and *Stanton A. Hazlett*, deputy disciplinary administrator, appeared for petitioner.

*Jack Focht*, of Focht, Hughey, Hund & Calvert, of Wichita, appeared for respondent.

*Per Curiam*: Bruce E. Miller, disciplinary administrator, filed an original action to discipline Russell W. Davisson of Wichita, Kansas, an attorney admitted to practice law in Kansas. The facts are not in dispute. The majority of the members of the hearing panel recommended public censure as the appropriate discipline. The other member of the panel filed a minority report and recommended suspension for a limited period. The respondent took exception to the minority report and recommendation.

On May 14, 1984, Floyd Crawford, who was employed by Feed Transport, Inc., of Hugoton, Kansas, was pulling a trailer leased by his employer. Crawford was filling the trailer with anhydrous ammonia. At the conclusion of loading, a valve on the trailer malfunctioned and Crawford was struck in the chest and face by a blast of anhydrous ammonia with sufficient force to tear the rotator cuff of his right shoulder, knock a neck disc out of place, and cause second- and third-degree burns to 35 percent of his body, first degree burns to his face, and burns to his nose and sinuses. Crawford underwent extensive medical treatment as a result of the injuries.

In late summer 1984, Crawford discussed his injuries and the possibilities of filing a lawsuit with Davisson. Prior to the spring of 1985, Davisson agreed to represent Crawford in the personal injury action. On May 14, 1986, a year later, and exactly two years after the action occurred, Davisson filed an action for $1,500,000 against the manufacturer of the trailer and the owner of the trailer who had leased it to Crawford's employer. No summonses were issued.

Rule 4(j) of the Federal Rules of Civil Procedure provides if

service of summons and complaint is not made on defendant within 120 days after filing of the complaint and the party on whose behalf service was required cannot show good cause why service was not made within that period, the action shall be dismissed, without prejudice, upon the court's own initiative with notice to the party, or upon motion. On September 18, 1986, the federal district judge issued an order to show cause within 10 days why the case should not be dismissed for lack of prosecution.

Davisson filed a response to the order to show cause 12 days later, stating that service of process attempted by mail upon the defendants had received no response; that he was prepared to issue service of process by mail to the registered agent of the respective foreign corporations; and if that process was ineffective, he would seek to obtain personal service. He stated that, as plaintiff's attorney, he had acted with due diligence to obtain service of process upon the defendants, and requested that the action not be dismissed until plaintiff had an additional opportunity to obtain service.

On February 18, 1987, the judge filed a second order to show cause within 10 days why the action should not be dismissed for lack of prosecution. No further action was taken by Davisson, and on March 6, 1987, the federal district judge dismissed the action without prejudice and assessed costs against the plaintiff.

Crawford filed a complaint with the disciplinary administrator. During the investigation, Davisson admitted that he took no further action after his response to the federal district court's first show cause order, and that he neither attempted mail service upon the registered agent of either defendant corporation nor attempted to obtain personal service upon either defendant, as alleged in his pleading. Davisson admitted that the statute of limitations bars any recovery from the defendants for the personal injuries of Mr. Crawford. Davisson also admitted that he neither examined the valves, nor had them removed from the trailer and tested, nor did he consult an expert witness regarding the defective valve. He had searched for some industry standards, but never was able to develop any theory of liability.

The actions of Respondent Russell W. Davisson have severely hampered the resolution of any possible claims Floyd Crawford

may have had as a result of the injuries he suffered. Davisson also failed to adequately communicate with his client throughout the personal injury case.

Based on the stipulated facts, the hearing panel found that Respondent, by failing to adequately prepare a legal matter and neglecting a legal matter entrusted to him, violated DR 6-101(A)(2) and (3) (1987 Kan. Ct. R. Annot. 143) and DR 1-102(A)(1) (1987 Kan. Ct. R. Annot. 123). The violations were admitted by Respondent's stipulation. The hearing panel also reviewed and considered evidence presented in a prior complaint against the respondent, In the Matter of Russell W. Davisson, Case No W3918. In that case, respondent had failed to complete a probate matter during the ten years he was attorney for the estate. Davisson received a private censure.

Because of Davisson's public service contributions through the local bar association, the disciplinary administrator, Bruce E. Miller, recommended public censure to the members of the hearing panel. The hearing panel could not agree on the recommendation for discipline of Davisson. Because of the restrictive types of discipline possible under Supreme Court Rule 203 (1987 Kan. Ct. R. Annot. 102), the majority members of the panel followed the suggestion of the disciplinary administrator and recommended public censure as the appropriate discipline.

The minority member did not question the fact Mr. Davisson has contributed greatly to the local bar association in the area of public service. But, because the nature of the two complaints, either standing alone or viewed together, demonstrated the gross neglect of legal matters entrusted to Davisson and his failure to communicate with his clients, the minority member recommended a suspension of limited duration.

Having carefully reviewed the record, this court concurs with the majority recommendation of public censure.

IT IS THEREFORE ORDERED that Russell W. Davisson be and he is hereby disciplined by public censure for violation of DR 6-101(A)(2) and (3) and DR 1-102(A)(1).

IT IS FURTHER ORDERED that a copy of this order be published in the official Kansas Reports and that the respondent pay the costs of this proceeding.

BY ORDER OF THE COURT the 29th day of April, 1988.